### ANNIE GLEASON v. CHARLES BOEHM.

1. The duty which this court, in *Gillvon* v. *Reilly*, 21 *Vroom* 26, declared a landlord owes to his tenants of apartments, access to which is by a common passage, he also owes to those who visit such tenants on lawful occasions.

2. He is thereby required to take reasonable care to have the common halls and stairways reasonably fit for use for the passage of the tenants, but he is under no obligation to furnish means for their safe use. He is therefore under no duty (unless assumed by contract) to furnish light at night, although such light may be necessary for safe use.

3. A visitor of such a tenant passed down a stairway with which she was unfamiliar, in the dark, without waiting for a companion who was familiar with it, or seeking from her friend a light to enable her to see the flight of steps, and using no precautions for safety but by feeling with her hands and feet—*Held*, that her conduct was not that of a reasonably prudent person, and that she contributed by her negligence to injuries which she received by falling down such flight.

---

On rule to show cause, certified to this court for its advisory opinion.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff, *Thomas F. Noonan, Jr.*

For the defendant, *Charles L. Corbin.*

The opinion of the court was delivered by

MAGIE, J.   In an action brought in the Hudson Circuit plaintiff obtained a verdict against the defendant for damages

for injuries received by her under the following circumstances: On November 27th, 1891, plaintiff visited a Mrs. Mitchell, who, as tenant of defendant, occupied rooms or apartments on the second story of his house. Plaintiff had never entered the house before. In going to Mrs. Mitchell's rooms on this occasion she passed along a hall and up a stairway which were used in common by Mrs. Mitchell and others who were occupying rooms or apartments in the house as defendant's tenants. She remained in Mrs. Mitchell's rooms until after dark on the evening of November 28th, 1891. She then left her friend's rooms to make a visit elsewhere. She was accompanied by her sister and Mrs. Mitchell's daughter, but preceded them both in passing down to the last flight of steps of the stairway which led to the hall. There was no light in the hall, and she, supposing she had arrived upon the floor of the hall, went forward and fell from the platform of that flight, receiving in the fall the injuries for which she brought suit.

There was evidence from which the jury could find that defendant had not demised to his tenants the hall and stairway but retained control of them for their benefit. There was evidence that defendant employed one of the tenants to light, every night, one light in the upper hall (which was burning that night) and one light in the lower hall, which was not burning at the time of the accident. Whether it had been previously lighted was in question, and the preponderance of evidence was that it had been.

Had plaintiff been a tenant of the house, defendant's duty would have been that declared by this court in *Gillvon* v. *Reilly*, 21 *Vroom* 26, viz., to take reasonable care to have the halls and stairways fit for use by the tenant in going to and coming from her part of the house. The court, by its instructions in this case, imposed upon the landlord a like duty in favor of one who was not a tenant but was a visitor of a tenant. No contest has been made over the propriety of this ruling of the court, and very properly. The reasons upon which the rule of duty rests in one case establish a like rule

in the other. When houses are rented for dwellings, which can only be reached by the use of a common passage, the necessity of such use for the beneficial enjoyment of the thing demised establishes a right to such use and imposes an obligation upon the landlord to take reasonable care to have and maintain the passage safe for such use. But the use of such rooms for dwellings equally necessitates the use of the passage by tradesmen in delivering goods, by persons having other business with the occupant or by those who visit him for social reasons. With respect, therefore, to all persons visiting such a tenant upon any lawful occasion, the duty of the landlord is similar to that which he owes to the tenant. *Miller* v. *Hancock*, 2 *Q. B.* 177 (1893); *Hiltsenbeck* v. *Guhring*, 131 *N. Y.* 674.

At the trial the claim of plaintiff was that defendant was guilty of a breach of the duty he owed her in two respects—first, because the stairway was improperly constructed and dangerous, and second, because there was no light in the lower hall at the time of the accident.

The court charged the jury that they were not to consider the first ground urged for plaintiff. This was clearly right, for there was no evidence upon which a verdict in her favor on that ground could have been supported.

But, upon the second point, the court left the liability of the defendant to the jury, with the instructions that they were to determine whether the maintenance of a light in the hall was necessary to render plaintiff's descent reasonably safe, and, if they found such necessity, that it was defendant's duty to exercise reasonable care to maintain a light there.

In my judgment, these instructions improperly enlarged defendant's duty. He was, undoubtedly, bound to take reasonable care to have the hall and stairway reasonably fit for the passage to and fro of his tenants and their visitors. But no duty was imposed upon him in respect to the safe use of the means of passage provided by him. If those means were such as the rule required to be provided he had performed his duty. If the stairway was fit for use in ascend-

ing and descending, the responsibility of safely using it was upon the person using it. If to use it safely at night, a light was requisite, he must provide it and not the landlord. In Massachusetts it has been held that when a landlord has rented to various tenants, parts of a house to which access is obtained by a common stair, it is not his duty to remove snow and ice naturally accumulating thereon, but the tenants' duty. *Woods* v. *Naumkeag Co.*, 134 *Mass.* 357. But for an injury resulting from an accumulation of ice from the rupture of a water pipe which he was bound to repair, the landlord was liable. *Watkins* v. *Goodall*, 138 *Mass.* 533. If, in this case, upon the failure of natural light, artificial light was necessary to make the descent of the stairway safe, I think it was erroneous to place the duty of providing such light upon the defendant. *Hiltsenbeck* v. *Guhring, ubi supra.*

The landlord doubtless may, and probably usually does, assume the duty of providing necessary light in such cases by contract with his tenants. There was evidence that defendant had usually provided a light in the lower hall and had employed a person to light it. Upon this evidence the court might have been requested to direct the jury to determine whether an implied contract to maintain such light, at least until notice of its discontinuance had been given, might not be inferred and a corresponding duty to maintain it. But no such request was made and we cannot consider now, whether, if made, it could have been properly granted.

It is further contended by defendant that the verdict against him should be set aside on the ground that the instructions of the court in respect to the contributory negligence of plaintiff were erroneous, and on the further ground that the evidence of such negligence on her part was so conclusive that a verdict finding her to have exercised the required care for her safety ought not to stand.

In my judgment this contention must prevail, and upon both grounds.

The instructions permitted the jury, in considering plaintiff's conduct, to take into account the duty of defendant to

maintain a light in the lower hall, which, as before stated, was erroneous. They, moreover, omitted to direct attention to the obvious fact that if plaintiff had waited until Mrs. Mitchell's daughter, who was familiar with the stairway, had joined her, she could have been guided safely down, and the equally obvious fact that by returning to Mrs. Mitchell's rooms she could have procured a light, which would have insured her safe descent.

But assuming that the instructions did not mislead the jury, I think that a verdict finding that a person descending this stairway, with which she was not familiar, in the dark, and, having at hand means to insure her safety, passing on with no precautions except the groping with her hands and feeling with her feet, of which she testified, was exercising the care which a prudent person would exercise, cannot be supported. Where a guest of a tenant in such a house went into a common hall to go to a water-closet, and there being no light in the hall, by mistake opened the wrong door, and passing through fell down a flight of steps, the Court of Appeals of New York held that his conduct was negligent, and barred any recovery for his injuries. *Hilsenbeck* v. *Guhring, ubi supra.*

For these reasons, the Circuit Court should be advised to make the rule to show cause absolute.