ANNIE M. RHODES ET AL., RESPONDENTS, v. FULLER LAND AND IMPROVEMENT COMPANY (A CORPORATION), APPELLANT.

Submitted December 9, 1918—Decided March 3, 1919.

1. If a landlord of an apartment house assumes the duty of providing and maintaining a light upon the common stairway, it continues thereafter to be his duty to exercise reasonable care to maintain a light there until notice of its discontinuance has been given, and failure to perform such duty is negligence, and a tenant who is injured because of such negligence, and whilst himself in the exercise of due care, is entitled to recover.

2. A tenant of an apartment house, injured by reason of the landlord's failure to keep burning a light at the foot of a common stairway as he had assumed the duty of doing, cannot be said as a matter of law to be guilty of contributory negligence in using the stairway when the light was out, when it was open to the jury to find that she was familiar with the stairway, that she was half way down before she noticed or could have noticed, the absence of the light, and that there was no one present to make a light for her.

3. In an action by a tenant to recover for injuries sustained because of the landlord's failure to perform a duty assumed by him of maintaining a light upon a common stairway of his apartment house, the fact, if it be a fact, that the light was burning fifteen minutes before the accident, does not justify a direction of a verdict for the defendant, when the evidence permitted of the inference that thereafter, and before the accident, the light had been turned out by the landlord's agent whose duty it was to keep it lighted.

4. Where the plaintiff, at the time of the accident in question, held one of the apartments in a house under a written lease, and his landlord, some time before the accident, but without notice to the plaintiff, and without his express consent, leased the

entire premises, and "assigned" the plaintiff's lease. to the jani-
tor of the building, it cannot be said as a matter of law that
the plaintiff recognized the janitor as his landlord, merely be-
cause thereafter the plaintiff made his checks for rent payable
to the janitor instead of to the defendant as theretofore, when
the other evidence tended to show that defendant continued to
exercise control over the premises, and that the plaintiff might
properly have assumed from appearances that the janitor to
whom the rent was paid continued to be, as he had been, the
agent of the defendant landlord.

On appeal from the Supreme Court.

For the appellant, *Runyon & Autenreith.*

For the respondents, *McCarter & English* (*Arthur F. Egner* on the brief).

The opinion of the court was delivered by

Trenchard, J.    The plaintiffs below, who are husband
and wife, resided in an apartment house in the city of New-
ark owned by the defendant company.  On June 14th, 1917,
the plaintiff Annie M. Rhodes, at about three o'clock in the
afternoon, left her apartment to go to a storeroom, located
in the basement, which had been provided for her use in con-
nection with the apartment.    To reach this room it was
necessary for her to use a common stairway leading from the
first floor to the basement.    Whilst she "was trying to get
down the lower" of two flights of steps of this stairway, she
lost her footing, by reason of the absence of a light which
was usually maintained by the landlord at the foot of the
stairs, and fell, sustaining very serious injuries.

This suit was brought to recover damages sustained    It
was tried at the Essex Circuit and resulted in a verdict for
the plaintiffs, and the defendant appealed from the conse-
quent judgment.

We are of the opinion that the judgment must be affirmed.

It is first argued that there should have been a nonsuit
upon the ground that the evidence showed conclusively (1)

that there was no duty to maintain a light upon the stair-way; (2) that the absence of a light was not the proximate cause of Mrs. Rhodes' injury, and (3) that she was guilty of contributory negligence.

We think such motion was properly denied.

The gravamen of the plaintiffs' complaint was that the defendant landlord had assumed to light these stairs and failed in the performance of that duty. It was upon that theory, and upon that theory alone, that the question of the negligence of the defendant was submitted to the jury.

It will be seen, therefore, that this is not a case of the breach of a duty imposed by statute to keep a light burning in the hallway at certain hours, such as *Pesin* v. *Jugovich,* 85 *N. J. L.* 256. Nor is it a case of the breach of the duty which the landlord owes to his tenants of apartments to take reasonable care to have the common halls and stairways reasonably fit for use for the passage of the tenants and their visitors, of which *Gillvon* v. *Reilly,* 50 *Id.* 26, is an example. As pointed out in *Gleason* v. *Boehm,* 58 *Id.* 475, while the landlord is required to take reasonable care to have the common halls and stairways reasonably fit for use for the passage of the tenants, he is under no obligation to furnish means for their safe use, and is therefore under no duty (unless assumed by contract) to furnish a light, although such light may be necessary for safe use. Incidentally, in dealing with that case, Mr. Justice Magie said: "The landlord doubtless may, and probably usually does, assume the duty of providing necessary light in such cases by contract with his tenants. There was evidence that defendant had usually provided a light in the lower hall and had employed a person to light it. Upon this evidence the court might have been requested to direct the jury to determine whether an implied contract to maintain such light, at least until notice of its discontinuance had been given, might not be inferred and a corresponding duty to maintain it. But no such request was made and we cannot consider now, whether, if made, it could have been properly granted."

The underlying principle of the question there stated, but not decided, is invoked in the present case. We think the true rule is that if a landlord assumes the duty of providing and maintaining a light upon a stairway, it continues thereafter to be his duty to exercise reasonable care to maintain a light there until notice of its discontinuance has been given, and failure to perform such duty is negligence, and a tenant who is injured because of such negligence, whilst himself in the exercise of due care, is entitled to recover. *Andre* v. *Mertens*, 88 *N. J. L.* 626; *Kargman* v. *Carlo*, 85 *Id.* 632; *La Brasca* v. *Hinchman*, 81 *Id.* 367.

In the present case it was open to the jury to find, if they saw fit, from the evidence, that the defendant company assumed the duty of providing and maintaining a light on those stairs, because it realized that their use was likely to be dangerous, even in the daytime, without a light, and that its failure to do so was the proximate cause of Mrs. Rhodes' injury.

We think, too, that the question of the contributory negligence of Mrs. Rhodes was for the jury. This stairway which she was obliged to use to reach the basement consisted of three steps leading from the main hallway to a landing, then a sharp turn to the left, and then nine steps at the foot, of which the defendant had assumed to provide and maintain a light. The evidence tended to show that Mrs. Rhodes was familiar with the stairway; that she got down the first flight and across the landing safely and had grasped the hand-rail which was provided at the lower flight and "was trying to get down the lower steps from the landing" when she noticed that the light was out, lost her footing, and fell.

In view of the fact that she was familiar with the stairway, that she was half-way down before she noticed, or could have noticed, the absence of the light, and in view of the fact that there was no one present to whom she could have applied to make a light, we think it must be conceded that fair-minded men might honestly consider that her conduct was that of a. reasonably prudent person. This being so, it was

for the jury, and not for the court, to pass upon the question of her negligence. *Pesin* v. *Jugovich, supra; Kargman* v. *Carlo, supra.*

It is argued that there should have been a verdict directed for the defendant upon the ground that it appeared, without contradiction, that the light was burning fifteen or twenty minutes before the accident, and therefore sufficient time had not elapsed to charge the defendant with knowledge of the fact that it was out, under the authority of *Krebs* v. *Rubsam,* 91 *N. J. L.* 426; *Schnatterer* v. *Bamberger,* 81 *Id.* 558, and *Timlan* v. *Dilworth,* 76 *Id.* 568.

But this contention is not well founded in fact. We think that matter did not appear beyond dispute. But even if it had appeared that the light was burning fifteen minutes before the accident, still a direction of a verdict would not have been justified, because it was fairly open to the jury to infer from the evidence that thereafter the light had been "turned out" by the defendant's agent, whose duty it was to keep it lighted.

It is further argued that a verdict should have been directed for the defendant because Mr. Rhodes by attornment relieved the defendant of the obligation which it had assumed in respect to the maintenance of the light.

But we think the question whether or not Mr. Rhodes recognized a new landlord was properly submitted to the jury.

He held under a written lease from the defendant which by its terms ran from year to year until terminated by notice in writing. No such notice was given. It appeared at the trial that, some time before the accident, the defendant leased the entire premises, and "assigned" Mr. Rhodes' lease to one Schmidt, the janitor of the building. But this was certainly done without the express consent of Mr. Rhodes and without notice to him. True it appeared that, for some reason, Mr. Rhodes, prior to the lease to Schmidt, made his checks for rent payable to the defendant, and thereafter to Schmidt. But obviously, in view of all the evidence, the mere fact of payment of rent to *Schmidt* could not be considered *conclu-*

*sive* evidence of an attornment. Schmidt had been janitor for many years before the lease to him. Thereafter he continued to act in the same capacity. As far as was apparent to Mr. Rhodes payment to him was nothing more than a payment to the defendant company, since the evidence tended to show that he might have properly assumed that Schmidt continued to be the defendant's agent. The evidence tended to show that the defendant continued to exercise control over the premises to the knowledge of Mr. Rhodes. It appeared that even after the execution of the lease to Schmidt, Mr. Fuller, the secretary of the defendant company, came to Newark and took part in the rental of the apartments. Upon one occasion, after the lease to Schmidt, when Mr. Rhodes wanted his rent reduced, Schmidt stated to him that he would have to talk with Mr. Fuller about it, and he did, in fact, take it up with him. Upon another occasion Mr. Fuller wrote a letter to the daughter of Mr. Rhodes, in which he asked her to advise him confidentially as to the quality of Schmidt's service as janitor.

In view of all the evidence the question of attornment was for the jury, and not for the court.

The only other reasons assigned for reversal, and argued, relate to the admission of evidence. We have examined them and find no prejudicial error. All the evidence complained of seems to have been properly admitted in view of the issues involved.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.