GEORGE W. LEECH, APPELLANT, v. ATLANTIC DELICATESSEN COMPANY, A CORPORATION, ET AL., RESPONDENTS.

Submitted October 28, 1927—Decided February 6, 1928.

382

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Starr, Summerill & Lloyd.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of nonsuit entered in the Supreme Court at a trial held at the Atlantic Circuit. The plaintiff, George W. Leech, instituted an action to recover damages for personal injuries received by him as the result of a fall while descending a flight of stairs in the hallway of a building owned by the Atlantic Delicatessen Company, the defendant. The building was located at 1410 Atlantic avenue, in the city of Atlantic City. The defendant occupied the first floor. The rooms on the remaining floors were leased to tenants. In the fall of 1922 the chairman of the Atlantic county democratic executive committee leased for two months rooms five and six on the second floor. These rooms were used as the democratic headquarters of the executive committe. The plaintiff was a challenger at a voting precinct in the city of Pleasantville at the election held on November 7th, 1922. He had been appointed through the chairman to this position. He had been requested to bring, after the ballots in his precinct were counted, the election returns in his precinct to the headquarters.

The plaintiff left Pleasantville at one A. M. on November 8th. When he arrived in Atlantic City he went to the headquarters. In order to reach the headquarters it was necessary to go from the street through a door into a vestibule,

then up a flight of stairs (about fifteen steps) to a landing, then make a turn to the left and up a flight of six or seven steps to the second floor. The headquarters were about twenty-five feet from the stairway. The plaintiff arrived at the building and went upstairs to the headquarters. No lights were lit in the hallways when he entered the building. He stayed at the headquarters a short time. He then left and passed through the second floor hallway to the stairway. Before starting to go down the first flight of steps to the landing he struck a match to enable him to see the surroundings. He then started down. He miscalculated the number of steps in the flght and fell. He was injured. His thigh bone was fractured. He subsequently instituted the present action.

The allegation of negligence in the complaint is that the defendant neglected and failed on the night of November 7th and 8th, 1922, to light, or cause to be lighted, the electric lights in said hallway. The lease was offered in evidence. The lease provided that the lessor would furnish a reasonable amount of electricity for lighting said premises during business hours. There was nothing in the lease which required the lessor to light the hallway. The lease prohibited the use of the rooms for sleeping apartments. The evidence offered in behalf of the plaintiff was barren of any agreement on the part of the owner of the premises to maintain lights in the hallway during the night or any part of the night, and equally barren as to the owner and landlord having assumed the duty of providing and maintaining lights in the hallway. The evidence showed that the hallway was usually in darkness. On the night the plaintiff met with his misfortune the hallway was lighted about seven-thirty but it was dark at nine, and also dark when the plaintiff entered the building after one A. M. and when he later left. The plaintiff testified that he had been in the building on prior occasions at eight P. M. when the hallways were in darkness. Other witnesses testified to the same effect.

Upon the conclusion of the plaintiff's case the defendant's counsel moved for a nonsuit upon two grounds—*first,* no

proof of actionable negligence, and *second,* the contributory negligence of the plaintiff. The motion was granted and an exception to this ruling allowed the plaintiff.

We think this case is controlled by the case of *Gleason* v. *Boehm,* 58 *N. J. L.* 475, so far as the liability of the defendant is concerned. Mr. Justice Magie in that case defined the duty of a landlord as to halls and stairways as follows:

"The defendant, landlord, is bound to take resonable care to have the hall and stairway reasonably fit for the passage to and fro of his tenants and visitors. But no duty was imposed upon him in respect to the safe use of the means of passage provided by him. If those means were such as the rule required to be provided he had performed his duty. If the stairway was fit for use in ascending and descending, the responsibility of safely using it was upon the person using it. If to use it safely at night, a light was requisite, he must provide it, and not the landlord."

The appellant contends that the instant case is governed by the case of *Rhodes* v. *Fuller Land and Improvement Co.,* 92 *N. J. L.* 569, in which Mr. Justice Trenchard said:

"We think the true rule is that if a landlord assumes the duty of providing and maintaining a light upon a stairway, it continues thereafter to be his duty to exercise reasonable care to maintain a light there until notice of its discontinuance has been given, and failure to perform such duty is negligence, and a tenant who is injured because of such negligence, whilst himself in the exercise of due care, is entitled to recover."

We consider the appellant's contention in this respect unsound, because the testimony in the present case fails to show that the landlord assumed the duty of providing and maintaining lights in the hallway.

In holding that there was no actionable negligence of the defendant shown by the plaintiff, we are of the opinion that the trial court ruled properly in granting the nonsuit. It is, therefore, unnecessary to consider the second ground of the motion, namely, the contributory negligence of the plaintiff.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.