SOPHIE PUTKOWSKI AND HUSBAND, PLAINTIFFS-APPELLEES, v. FRANK JARMOLI, DEFENDANT-APPELLANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before Gummere, Chief Justice, and Justices Parker and Case.

For the plaintiff, *Feder & Rinzler*.

For the defendant, *Carl S. Kuebler*.

Per Curiam.

The female plaintiff recovered a verdict of $4,000 for personal injury claimed to have been sustained as the result of falling down a flight of stairs in a tenement house building owned by defendant and which he had invited her to inspect with a view to purchasing. Her husband joined his claim *per quod* and the jury awarded him $500 which is not questioned as to the amount, but the award to the wife is attacked as excessive, and the verdict generally is challenged as against the weight of evidence. Error is also alleged in refusing a direction of verdict for defendant, and in refusing two requests to charge. We are advised under point VI of the brief (the case was not orally argued) that "the reasons not specifically argued are not waived;" but as counsel has not thought fit to argue them we do not feel called upon to consider them.

The facts as the jury were entitled to find them are that defendant desired Mrs. Putkowski to buy the building in question and urged her not to be discouraged by its appearance outside but to go and examine it: that she did so, accompanied by a woman friend; that the pair inspected the building inside, and climbed to the top floor; that when plaintiff started to go downstairs again her foot caught on a defective tread which was badly worn, with projecting nails, and the condition of which was not readily visible because of being in shadow, and she fell the whole length of the stairway, sustaining a concussion of the head and shock, and later suffering a miscarriage. The condition of the stairway can

hardly be said to be in dispute, as the testimony of the witness Alice Kelly agrees in material particulars with that of the defendant himself as to what he found when he examined the stairway, apparently for the first time, two days before the trial.

The first point argued is that the trial court should have directed a verdict for defendant:

(a) Because there was no proof of negligence of defendant. We think the facts above recited are quite enough to preclude a control of the verdict by the court.

(b) Because Mrs. Putkowski was guilty of contributory negligence because she was aware that the building was old and dilapidated and ought to have observed the alleged defect. There was clearly a jury question on this point.

(c) Because defendant was under no duty to light the staircase. This is immaterial on a motion to direct unless failure to light was the only negligence relied on, and that was not the case.

The second point is that the court erred in refusing to charge:

"The defendant did not assume the duty of providing and maintaining lights on the stairs and hallways or contract to provide same, and therefore there is no duty upon him to provide such lights."

This was properly refused, because, as we think, the last clause is a *non sequitor*. Counsel relies on *Gleason* v. *Boehm*, 58 *N. J. L.* 475, and a line of decisions based on it, including *Leech* v. *Atlantic Delicatessen Co.*, 104 *Id.* 381, holding to the effect that a landlord is not primarily under a legal duty to light the stairways. But a glance at those cases will show that there was in none of them a claim that the stairway was defective, but the sole claim was that the landlord had failed to light a stairway otherwise adequate and in good condition. That is a very different situation from the one obtaining in the present case. Here, we think, the duty of lighting, if any, was a relative one, depending on the fact that the stairway was in bad order, and that the jury might

properly say the defendant being charged with knowledge that the stairs were in bad order and negligent in not repairing them, was likewise negligent in not lighting the place where the defect existed, so that it could be readily seen.

The third point is that the findings in favor of the plaintiffs are against the weight of evidence. We do not think they were. The invitation was not denied, nor was the defect in the staircase. The evidence fairly showed that the condition had existed for months. As to contributory negligence, it was clearly a jury question and we see no reason to charge the jury with disregard of the evidence in failing to find that contributory negligence had been proved.

The fourth point is that the court refused to charge the fourth request as follows:

"If the stairway was fit for use in ascending and descending, the responsibility of safely using it was upon the plaintiff, Mrs. Putkowski."

As to this it may be said that all the proof, as we read it, is that the stairway was unfit for use. If so, the request embodied an unwarranted assumption of fact. But apart from this, the proposition was implicit in a charge which put the right of recovery on a finding that the stairway was not fit for use. In particular, the court did charge request No. 6 which reads:

"(6) To hold the defendant liable for a defective condition of the stairway, the plaintiff must prove first a defective condition; second, that the defendant had knowledge of such condition, or, third, that it existed for such a length of time as to charge the defendant with knowledge of the same."

This, we think, sufficiently covered the proposition contained in the fourth request.

Finally, that the verdict of $4,000 in favor of the wife is excessive. This depends upon the appraisement by the jury of the severity of the injury and its effect on the female plaintiff. She was before the jury, who saw and heard her, and heard the other evidence including that of her attending

physician. Injured plaintiffs often do exaggerate the extent of their injuries, sometimes dishonestly, often even honestly. The jury were entitled to take this evidence at its face value or to discount it. Reading it from a printed book, we are hardly in a position to say that they would have disregarded their duty in doing either. At face value, we do not think the verdict so excessive as to require us to interfere with it.

The rule to show cause will be discharged.