[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 57 
Defendant appeals from an adverse judgment of the Passaic County Court of Common Pleas. *Page 58 
The grounds of appeal are based on the trial judge's refusal to grant a non-suit at the close of the plaintiffs' case and a directed verdict at the close of the whole case. The trial judge submitted the case to the jury, which returned verdicts in favor of plaintiffs, Ida Triggiani and her husband, Louis Triggiani, for $2,500 and $700 respectively.
Plaintiff, Ida Triggiani, suffered personal injuries as the result of a fall on the stairway of a factory building owned by the defendant, the fourth floor of which was leased by it to Mrs. Triggiani's employer, Vitale Silk Co. She had been employed for a period of 11 months prior to the accident on November 11, 1942, and on that day had worked on the 3:30 p.m. to 11:30 p.m. shift. The means of ingress and egress to and from the fourth floor of the building consisted of a flight of stairs inside the building with a landing on each floor and between the floors. Mrs. Triggiani had quit work at 11:30 p.m. on the night of the accident. She testified that she descended the stairs from the fourth floor to the third floor where she found the stairway leading to the second floor in darkness. Although the stairway was in complete darkness and she was unable to see anything, she proceeded to descend, grasping the stairway railing for guidance. In so doing, she missed her step and fell to the bottom of the stairs between the third and second floors. She further testified that the stairway where she fell was equipped with lighting fixtures but that the light had remained unlit for a period of two to three months preceding the accident. She also testified that other employees with whom at times she descended the stairs used searchlights, but that when she was alone she descended the stairs in darkness, never having provided herself with a searchlight. There was no testimony other than Mrs. Triggiani's with respect to her accident and the lighting situation of the stairway.
On a motion to non-suit the function of the court is to determine whether a jury question is presented by the evidence. In this case the burden of proof was upon the plaintiffs to make out a prima facie case of actionable negligence against defendant. If the plaintiffs have not succeeded *Page 59 
in doing so, a non-suit is proper. In passing upon the motion for non-suit, the plaintiffs were entitled to have the court draw the most favorable inferences from their evidence to which such testimony is legitimately susceptible.
Where as here, a landlord retains in his possession and control the passageways and stairways for the common use of the tenants and those having occasion to use them lawfully, he is bound to see that reasonable care is exercised to have such passageways and stairways reasonably fit and safe for use. However, there is no duty with respect to the safe use of the means of passage provided by him. Thus, if a passageway reasonably fit for use is provided, but a light is requisite to use it safely at night, the obligation is not upon the landlord to provide lights, unless the landlord has assumed to furnish light, either expressly by contract, or by implication of law, or by reason of statute he is required to provide lights under the circumstances. Gleason v.Boehm, 58 N.J. Law 475 (Sup.Ct. 1896), 34 Atl. 886;Solomon v. Finer, 115 N.J. Law 404 (Sup.Ct. 1935),180 Atl. 567. Plaintiffs did not produce any testimony to establish that defendant had assumed the duty to light the stairway. In fact, plaintiffs' case is completely lacking in establishing any actionable negligence on the part of the defendant. Viewing Mrs. Triggiani's evidence in the light of the most favorable inferences to which her testimony is legitimately susceptible, it appears that there were no hidden defects in the stairways, nor were they defective. Likewise, plaintiffs proffered no testimony whatsoever establishing any contractual duty on the part of the defendant to furnish light. Their argument seems to be that the stairways having been lighted during the time of her employment, with the exception of a period of two to three months before the accident on November 11, 1942, it was the duty of the defendant to have had the lights in operation on that date. This argument is clearly untenable in the absence of proof showing that the defendant controlled and maintained the lights during the period that plaintiffs claim they were lighted. Where a defective condition is alleged to have arisen from *Page 60 
negligent maintenance the burden is on the plaintiffs to produce evidence tending to show such facts as will justify an inference of such negligence. Plaintiffs have not carried the burden of establishing any facts from which a reasonable man might so infer. As stated, the testimony is barren of any contractual responsibility on the part of the defendant to keep the stairway lighted at nights, nor is there any testimony in the plaintiffs' case whatever as to who controlled and turned on the lights when they were in use. The mere presence of light fixtures in hallways gives rise to no duty on the part of the landlord to keep the lights lighted at night in the absence of the landlord assuming the obligation of so doing. Rhodes v. Fuller Land andImprovement Co., 92 N.J. Law 569 (E. A. 1918),106 Atl. 400; Leech v. Atlantic Delicatessen Co., 104 N.J. Law 381(E. A. 1927), 140 Atl. 423. This being so, there is no evidence from which it might legitimately be inferred that the defendant landlord had even assumed this responsibility.
Viewing the plaintiffs' evidence as a whole and in its most favorable light, we conclude that plaintiffs failed to establish a prima facie case of actionable negligence against the defendant, and, therefore, it was error for the trial court to deny defendant's motion for a non-suit.
Defendant has also raised the questions of contributory negligence and assumption of risk on the part of plaintiff. Our determination is dispositive of the appeal and, therefore, it is unnecessary for us to consider the other grounds of appeal.
The judgment is reversed. *Page 61