12 N.J. Super. 227 (1951)
79 A.2d 471
IDA TRIGGIANI AND LOUIS TRIGGIANI, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
OLIVE OIL SOAP CO., A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1951.
Decided March 15, 1951.
*229 Before Judges JACOBS, BIGELOW and DONGES.
Mr. Louis Santorf argued the cause for plaintiffs-appellants.
Mr. John W. Hand argued the cause for defendant-respondent (Messrs. Evans, Hand & Evans, attorneys).
The opinion of the court was delivered by DONGES, J.S.C. (temporary J.A.D.).
This is an appeal by the plaintiffs from a judgment of dismissal rendered by the Passaic County Court.
Plaintiff, Ida Triggiani, was injured as the result of a fall on the stairway of a factory building owned by the defendant, part of the fourth floor of which was leased by it to Mrs. Triggiani's employer. She had worked in this building for about 11 months prior to the accident on November 11, 1942. On that day she worked from 3:30 P.M. to 11:30 P.M. The only method of ingress and egress to this floor was by a flight of stairs which contained a landing on each floor and between floors.
Plaintiff testified that the stairway was equipped with light fixtures, and that the person who operated the light switches was a night watchman who was employed by the defendant. However, for a period of two months prior to the accident the lights remained unlighted.
On the day of the accident, Mrs. Triggiani stopped working at 11:30 P.M. The light on the fourth floor was lit, but as she descended, she saw that the lights on the third floor were out. She reached for the railing but missed the step and fell.
The court below decided that plaintiffs had not adduced sufficient evidence to warrant the submission of the case to the jury and entered a judgment of dismissal.
At the outset, it might be pointed out that where, as here, a landlord retains control of the passageways and stairways *230 for the common use of the tenants, he is bound to see that reasonable care is used in having said passageways and stairways reasonably fit for use. However, if they are maintained in a reasonably fit condition, there is no duty to maintain lights, unless the landlord has assumed the duty of providing necessary lights either expressly by contract or by implication of law, or if he is required to do so by statute. Gleason v. Boehm, 58 N.J.L. 475 (Sup. Ct. 1896); Solomon v. Finer, 115 N.J.L. 404 (Sup. Ct. 1935). In the instant case there was evidence, through the testimony of Mrs. Triggiani and of Mr. Mainardi, that the lights were turned on and off by an employee of defendant. Therefore, a question for the jury may have been raised with respect to the assumption of the duty. However, if a landlord assumes a duty of providing and maintaining lights upon a stairway, it continues to be his duty, thereafter, to exercise reasonable care to maintain a light until notice of its discontinuance has been given. Rhodes v. Fuller Land Improvement Co., 92 N.J.L. 569 (E. & A. 1919).
A thorough review of the record discloses by the plaintiff's own testimony that the defendant discontinued any assumed duty to maintain the lights in the stairway. The failure of the defendant to maintain the lights for a period of two months was an abandonment of the assumed duty. Mrs. Triggiani had personal knowledge of this abandonment for she testified that the lights were out during these two months and that she used that stairway during that time. This was effective notice to her as a matter of law. Notice is just as effective if given by acts and deeds as by express communication. Cf. Cavanagh v. Hoboken Land Co., 93 N.J.L. 163 (E. & A. 1919).
Viewing the plaintiffs' evidence as a whole and in its most favorable light, we conclude that the trial court did not err in dismissing the case.
Our determination is dispositive of the appeal and it is not necessary for us to consider the questions of assumption of risk and contributory negligence raised in the briefs.
The judgment under review is affirmed.