OTTO HELLMUTH, RESPONDENT, v. CATHERINE KRUGER, APPELLANT.

Submitted October 16, 1925—Decided January 21, 1926.

Section 126 of the Tenement House act, 1904 (*Pamph. L., p.* 126), requires that in tenement houses over two stories high lights shall be kept burning in the hallway on the ground floor and second floor all night, and not merely until ten o'clock, as on the upper floors of the building.

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the respondent, *James A. Hamill.*

For the appellant, *Palmer & Cooper.*

The opinion of the court was delivered by

PARKER, J. This is a suit against the owner of a tenement house for personal injuries sustained by falling down an unlighted stairway. The claim is based on an allegation of negligence, and the alleged negligence is predicated upon the failure of the defendant-owner of the tenement house to provide such lights in the hallway of the house as were required by the Tenement House act. *Comp. Stat., p.* 5341. The gravamen of the appeal is that the trial judge took an erroneous view of the requirements of the statute, in that he ruled that the defendant was required to maintain a light in the entrance and second floor hallway all night.

The case differs on the facts from all the decisions of this character previously reported. The facts are well stated in the state of the case certified by the trial judge, and a copy of this part of the state of the case follows:

"This action is based on section 126 of the Tenement House act. *Comp. Stat., p.* 5341; *Pamph. L.* 1904, *p.* 126.

"On April 19th, 1925, the plaintiff was visiting a friend

in his apartment on the fourth floor of a tenement house located at 901 Park avenue, in the city of Hoboken, New Jersey, owned by the defendant, Catherine Kruger. The tenement house consisted of a store in the ground floor, and a family on each floor for three floors above the store, and had the usual common entrance and hallway. That at or about twelve o'clock midnight, the plaintiff desiring to go home, opened the door from his friend's apartment, closed it behind him, and found himself in the upper hall in total darkness, and, after taking two or three steps along the hall, fell down a flight of stairs to the landing below.

"At the time of the happening of the accident there was no light burning on any of the floors in the building.

"The host testified that, when a light was burning on the first and second floor, sufficient light would be reflected to the upper floors so as to enable any person on these floors to see the stairway and balustrade."

The position taken by the appellant is that, under our reported decisions, the landlord was not required to provide any lights after ten P. M. For the sake of clearness, section 126 of the Tenement House act, so far as pertinent, is here inserted at length. *Pamph. L.* 1904, *p.* 126.

"In every tenement house now existing, or hereafter erected, a proper light shall be kept burning by the owner in the public hallways, near the stairs, upon the entrance floor; and in every tenement house, over two stories high, such a light shall also be kept burning upon the second floor above the entrance floor of such house every night throughout the entire year, and upon all other floors of such tenement house from sunset each day until ten o'clock each evening."

It is doubtless true that several of the reported cases go no further than to say that the duty of the landlord is to maintain lights until ten P. M., but it will be found on examination that in none of these cases did the accident occur after ten P. M., and, consequently, that was as far as the decision was required to go.

In *Kargman* v. *Carlo*, 85 *N. J. L.* 632, the accident occurred at six forty-five P. M. In *Pesin* v. *Jugovich*, 85 *Id.*

256, 257, the accident occurred shortly after sunset. In *Krebs* v. *Rubsam*, 91 *Id.* 426, the opinion states that the deceased fell while descending the stairs on the specified evening before ten o'clock. In *Rhodes* v. *Fuller Land and Improvement Co.*, 92 *Id.* 569, the accident took place in the daytime, and liability was predicated upon the assumption by the landlord of an obligation to furnish lights, which was apparently not grounded upon statute. We are unable to see that any of these cases specifically deals with the question as to whether, in a tenement house over two stories high (which is the present case), the obligation to keep a light burning after sunset and for the night, upon the ground floor and also upon the second floor, viz., the floor above the ground floor, is required by the statute; but a careful reading of its language seems to indicate that this requirement is laid down. The act says: "In every tenement house * * * a proper light shall be kept burning by the owner in the public hallways near the stairs upon the entrance floor." (Whether this is to be kept burning all the time, it is not necessary now to decide, although there seems to be no limitation on the time.) "In every tenement house over two stories high such a light shall also be kept burning upon the second floor above the entrance floor of such house every night throughout the entire year, and upon all other floors of such tenement house from sunset each day until ten o'clock each evening." The argument now is that the clause "from sunset each day until ten o'clock each evening" relates back to the requirement for a light upon the second floor above the entrance floor. But with this we cannot agree, and for the reason that it is separated from the second floor requirements by a comma, and, what is more important, by a special provision relating to the second floor, viz., "every night throughout the entire year." If it had been intended that the ten o'clock rule should be applicable to the second floor, the clause relating to every night throughout the entire year becomes superfluous. The meaning of the section would seem to be this: (a) In every tenement house, a light in the public hallway near the stairs upon the entrance floor; (b)

in every tenement house over two stories high, a light shall be kept burning upon the second floor every night throughout the entire year; (c) in every tenement house over two stories high, upon every floor, except the first or second, which are covered by the foregoing, a light shall be kept burning from sunset each day until ten o'clock each evening.

This construction appears to us to be in no way inconsistent with what has been said in the reported cases. We, therefore, think that the trial court properly ruled that it was the duty of the defendant to have a light burning on the second floor of the house in question, which was more than two stories high, all night; and inasmuch as the court was entitled to find that the light was not then burning, and also to find, as it did, that there was negligence in failing to have it burning, and that this failure was the cause of the plaintiff being unable to see the stairs on a floor above, and having found that there was no contributory negligence on the part of the plaintiff, which was, of course, a fact question, there was, therefore, no error in refusing to nonsuit or to render a judgment for the defendant, and, consequently, none in rendering a judgment for the plaintff.

That judgment is, accordingly, affirmed.