ANNA G. REILLY, PLAINTIFF, v. B. S. JANNEY, Jr., & COMPANY, INCORPORATED, DEFENDANT.

Submitted May 14, 1926—Decided November 16, 1926.

1. The traveling public have a right to presume that there is no dangerous impediment in any part of the highway, in the absence of notice of the presence of such impediment. This principle applies to all interferences with safety of travel arising from temporary uses of the highway that are not the normal and permanent incidents thereof, and relieves persons passing along the highway from any obligation to look for such interferences with travel.

2. One who, in the exercise of a legal right, temporarily obstructs the free use of a highway owes to the traveling public the duty of warning them of the presence of such obstruction, and failure to perform this duty (in the absence of any valid excuse for such failure) renders him liable to answer for injuries to others that are the direct and proximate result of the presence of such obstruction.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Howard L. Miller.*

*Contra, Albert S. Woodruff.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This suit was instituted for the purpose of recovering compensation for personal injuries received by the plaintiff while walking down Market street, in the city of Philadelphia.  As she was passing along the sidewalk in front of the store of the defendant she fell over a skid used by the company in loading and unloading its trucks, and, as a result of the fall, received the injuries for which she now seeks compensation.  The trial resulted in a verdict in her favor, and the present rule was thereupon allowed to the defendant.

The only grounds upon which we are asked to make the rule absolute are that the plaintiff herself was guilty of contributory negligence in failing to observe the presence of the skid, and that her fall was not due to any negligence on the part of the defendant.

The plaintiff's testimony was that she tripped over this skid while it was lying on the pavement. The defendant's witnesses testified that one end of the skid at the time of the accident was resting upon the ground, and that the other end of it rested on the back of a truck, to which it was attached by hooks. It is conceded that no warning was given to the plaintiff of the presence of the skid upon the sidewalk.

We have no doubt as to the right of the defendant to use skids for the purpose of unloading its trucks, and to obstruct the sidewalk with them temporarily for that purpose. The exercise of that right, however, does not impose upon persons using the highway the duty of looking out for possible obstructions thereto. The rule is settled that the traveling public have a right to presume that there is no dangerous impediment in any part of the highway, in the absence of notice of the presence of such impediment. This principle applies to all interferences with safety of travel arising from temporary uses of the highway that are not the normal and permanent incidents thereof, and relieves persons passing along the highway from any obligation to look for such interferences with travel. If the traveler sees them, he must, of course, use reasonable care to avoid them, but he is not negligent merely because he does not look for them. *Durant* v. *Palmer,* 29 *N. J. L.* 544; *Malheke* v. *United States Express Co.,* 86 *Id.* 586.

Obviously, the corollary to this rule is that one who, in the exercise of a legal right, temporarily obstructs the free use of a highway owes to the traveling public the duty of warning them of the presence of such obstruction, and failure to perform this duty (in the absence of any valid excuse for such failure) renders him liable to answer for injuries to others that are the direct and proximate result of the presence of such obstruction. *Thomas* v. *Consolidated Traction Co.,* 62 *N. J. L.* 36.

The accident in the present case occurred, as has been stated, in Pennsylvania, and the law of that state is controlling on the question of liability. But, in the absence of testimony to the contrary, it is to be presumed that the common law rules declared in the cases that we have cited is the law of that state, and there was no such testimony offered.

Our conclusion is that neither one of the grounds upon which we are asked to set aside this verdict is meritorious, and that the rule should be discharged.