CATHERINE McNAMARA, APPELLANT, v. MECHANICS TRUST COMPANY OF NEW JERSEY, RESPONDENT.

Argued October 23, 1929—Decided May 19, 1930.

For the appellant, *Brenner & Kresch.*

For the respondent, *Charles Stockdell Gray.*

The opinion of the court was delivered by

HETFIELD, J.   This suit was instituted in the Hudson County Circuit Court by the plaintiff-appellant to recover dam-

ages for personal injuries received by reason of falling down an unlighted stairway of a tenement house, in which she was one of the tenants, and then living. The undisputed facts, as presented by the record, show that the Mechanics Trust Company of New Jersey, the defendant-respondent, was the owner of the building designated as Nos. 15-17 West Eighth street, in the city of Bayonne, Hudson county, which was three stories in height, having two stores on the ground floor, and a tenement house above, consisting of four apartments, two on the second floor, and two on the third floor. On November 28th, 1924, the respondent entered into a written lease with Morris Varvatas and Henry Varvatas, who were co-defendants in this suit, but did not appear or defend at the trial, whereby the whole building, excepting the store known as No. 15 West Eighth street, was rented for a period of five years to the said lessees, who then entered into possession of the one store and the entire tenement house, and on or about January 1st, 1926, they rented one of the apartments on the second floor to the appellant herein. The accident in question happened on the night of August 10th, 1926, about nine-thirty o'clock, when the appellant returning home, entered the building through the hall leading from Eighth street, ascended the stairs to the second floor, and proceeded to walk toward the door of her apartment, a distance of about twenty feet from the front stairway. There was also a rear stairway leading from the second floor to the first, which was used for the purpose of reaching the yard in back of the building. The landing of this stairway was near the door which the appellant intended to enter. While reaching for the key to her entrance door, which was kept somewhere near the rear stairway, the appellant stepped beyond the landing and fell down the stairs. It appears that no lights were burning in any of the hallways of the tenement house at the time of the accident, and that the second floor hallway was very dark. There was a gas fixture in the hallway of the second floor by which a light could have been maintained, but none in the hallway of the ground or entrance floor.

At the close of the appellant's case, a motion for a nonsuit

was made and denied. The respondent then placed in evidence the lease, before referred to, and moved for direction of a verdict in its favor, on the ground ·that it had parted with and surrendered the possession and control of the tenement house in its entirety, and therefore the lessees, and not the respondent, were obligated to keep the lights burning in the public hallways, as provided by statute. The trial court granted the motion, and judgment was entered accordingly, from which this appeal is taken.

The contention of the appellant is that the court improperly directed a verdict, because the statute imposed upon the owner as well as the lessees the duty of keeping and maintaining proper lights in the public hallways, as required by section 126 of the Tenement House act (*Comp. Stat., p.* 5341), which is as follows: "In every tenement house now existing or hereafter erected a proper light shall be kept burning by the owner, in the public hallways, near the stairs, upon the entrance floor; and in every tenement house, over two stories high, such a light shall also be kept burning upon the second floor above the entrance floor of such house every night, throughout the entire year, and upon all other floors of such tenement house from sunset each day until ten o'clock each evening," &c.

It is urged that by reason of the statute, the failure to keep lights burning as therein provided, constituted evidence of such negligence on the part of the owner of the fee, to justify the submission of the case to the jury, irrespective of the fact that the owner had leased the entire tenement house to the lessor of the appellant, and had not reserved or retained possession or control of any portion thereof.

Whatever benefit the tenant in a civil action derives from the statute in question must be through the common law action of negligence, because no civil action or right of action is given by said statute, and the effect is, that where the statute is penal in character, and a right of action is predicated on the failure to perform the duty imposed thereby, the action is governed by the ordinary rules of negligence, except that the violation of the statute operates as the basis

of the defendant's liability. The defendant retains all the defenses appropriate to an action of negligence that are not affected by the statute; hence, to recover in a private action for an omission of a statutory duty, the plaintiff must show that the omission was a negligent one. *Evers* v. *Davis,* 86 *N. J. L.* 190, 201; *Krebs* v. *Rubsam,* 91 *Id.* 426.

It appears that the proximate cause of the injury complained of, was the failure to maintain a light in the hallway of the second floor where a gas fixture had been placed for that purpose, but there is nothing in the case to indicate that the absence of the light in the entrance hall contributed in any manner to the accident, or that ways and means for providing a light in that locality did not exist at the time the lessees entered possession.

The duty of maintaining lights in public hallways, as created by section 126 of the Tenement House act, is a continuing one, and, therefore, must necessarily be performed by one who has possession and control over that portion of the premises where the lights should be placed; and the burden of proof rested upon the appellant to show that the respondent had retained such an interest, in order to support a civil action for personal injuries, based on the ground that the failure to properly light the hallway was a negligent omission on the part of the respondent. The fact is undisputed that the lessees, who were co-defendants, had, by virtue of the lease, absolute and full control of the hallway, and that being so, were alone liable for any injuries caused by the non-performance of the duty imposed by said section 126 of the statute. To hold otherwise, would mean that the owner of the fee of a tenement house would be unable to lease the premises in its entirety, but would be compelled to retain the control and possssion of the hallways, in order to inspect the same, each and every night, for the purpose of seeing if the proper lights were being maintained.

In the case of *Pesin* v. *Jugovich,* 85 *N. J. L.* 256, where suit was instituted against the lessee of the whole tenement house, for failure to have the proper lights, the owner of the fee not being a party to the action, this court held: "The de-

fendant, being the lessee for a term of years of the whole of the tenement house in question, occupying one floor himself and subletting the others, was under a duty to keep burning a proper light in the public hallways thereof from sunset until ten o'clock each evening as required by section 126 of the Tenement House act. * * * The plaintiff had a right to presume that the defendant had performed the duty cast upon him by the Tenement House act, to keep the lights burning."

There being no evidence to justify the submission, of the alleged negligence of the respondent, to the jury, we conclude that the trial judge properly directed a verdict.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.