ANNA VAN BLUNK, PLAINTIFF-RESPONDENT, v. CHARLES REAL ESTATE COMPANY, DEFENDANT-APPELLANT.

Submitted May 13, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the appellant, *Thompson & Hanstein.*

For the respondent, *Oscar LeWine.*

PER CURIAM.

This is an appeal from a judgment of the Atlantic County Circuit Court entered upon a verdict of a jury in favor of the plaintiff in a suit by a tenant for injuries sustained as the result of a fall upon an unlighted stairway in a tenement house.

The first count alleged negligence in failing to light the stairway and the second count alleged negligence in permitting dirt and garbage to lie upon the stairs.

The plaintiff occupied the third floor rear apartment in a four-story apartment house. There was a front stairway which led to the street and a rear stairway which led to a roof off the second floor. This roof was used for the deposit of dirt and garbage, and such domestic purposes. The rear stairway did not descend to the street level.

Plaintiff testified that she used the rear stairway at one o'clock P. M., on December 20th, 1930, and noticed dirt or garbage on the stairs. She reported this condition to the janitor and asked him to clean it up.

At nine o'clock that evening she attempted to descend the dark stairs to place garbage on the roof. Near the second floor she fell and was injured.

The defendant-appellant first claims that there should have been a directed verdict on the first count because it was not required to keep a light on the second floor near the rear stairs. There was a light near the front stairs on each floor. The stairways were so far apart that the light at the one gave no illumination at the other.

The requirement of the statute (*Pamph. L.* 1930, *p.* 1065) is: "In every tenement house now existing or hereafter erected a proper light shall be kept burning by the owner in the public hallways, near the stairs, upon the entrance floor; and in every tenement house, over two stories high and not over four stories high, such a light shall also be kept burning

upon the second floor above the entrance floor of such house every night throughout the entire year, and upon all other floors of such tenement house from sunset each day until ten o'clock each evening."

The appellant argues that it is only upon the first floor that the light is required to be near the stairs. But in *Kargman* v. *Carlo*, 85 *N. J. L.* 632; 90 *Atl. Rep.* 292, the Court of Errors and Appeals said: "So then we hold that the obligation of the owner of a tenement house over two stories high is to keep burning a proper light in the public hallways, near the stairs, upon every floor, between sunset and ten o'clock every evening."

The question is whether the defendant discharged its statutory duty by keeping a light near the front stairs only. If it did, then there is no evidence of negligence on the first count. The stairway upon which plaintiff fell was supplied by the defendant for her use and the use of the other tenants. The statute requires that there should be a light near "the stairs." We think that if the defendant supplied more than one stairway it was under a duty to supply more than one light. In other words, there was sufficient evidence to go to the jury on the question of the negligence of the defendant in not providing a light at the rear stairway, in view of the language of the statute.

As to the second count, dealing with dirt on the steps, we think this also presented a question of fact for the jury. The plaintiff said she found a piece of orange peel on her heel after the fall, and the defendant argues that because she did not see the orange peel on the stairway when she used it in the afternoon, the required notice to the agent of the landlord is not proved. We think the evidence here was sufficient to go to the jury. Plaintiff saw dirt or garbage on the stairs in the afternoon and found some on her shoe. From this the jury could infer that she slipped on the dirt which the defendant's agent had been asked to remove.

The question of contributory negligence was likewise one of fact for the jury.

The judgment will be affirmed, with costs.