MINNISINK OIL COMPANY, PROSECUTOR, v. LOTTIE A. MILLER, AND THE MORRIS COUNTY COURT OF COMMON PLEAS, RESPONDENTS.

Submitted January 25, 1935—Decided April 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the prosecutor, *Edward A. Markley* and *Charles W. Broadhurst.*

For the respondent, *Frank C. Scerbo.*

PER CURIAM.

This is a workmen's compensation case. The only question raised relates to the evidence rule of *res gestæ*. George B. Miller was employed at the defendant's service station where there was a pit to facilitate the greasing of automobiles. He had been working there under a car, and climbed out, holding his hand on the side of his head, and saying, "I got a crack on the head." This was excluded more than once, but finally remained in the testimony. The proof further showed that he became sick that night, vomited, was taken to the hospital, the trouble diagnosed as cerebral hemorrhage, he became unconscious and died on the third day afterwards. There was sufficient evidence, though disputed, to connect the cerebral hemorrhage with a blow on the head: the question was whether the statement of deceased about a "crack on the head" was competent to support a finding that there was in fact a blow on the head. This question is raised in both points made in the brief, in these words: "because the

only testimony that the decedent sustained an accident was hearsay testimony of witnesses."

The Common Pleas judge carefully considered this point, and held, on the authority of *Murphy* v. *George Brown & Co.,* 91 *N. J. L.* 412; 103 *Atl. Rep.* 28, that the testimony was competent. In that holding we concur. It is further supported by the very recent decision by this court in *Demeter* v. *Rosenberg,* 114 *N. J. L.* 55; 175 *Atl. Rep.* 621. No other question is raised. The writ will accordingly be dismissed, with costs.