SAM SOLOMON, PLAINTIFF-RESPONDENT, v. JOSEPH FINER, DEFENDANT-APPELLANT.

Argued May 7, 1935—Decided September 10, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Feder and Rinzler*.

For the respondent, *Julius E. Kramer*.

The opinion of the court was delivered by

HEHER, J. There was a judgment for plaintiff in this action to recover damages for injuries claimed to have been tortiously inflicted. It was rested upon a finding by the trial judge, sitting without a jury, that defendant did not perform the duty imposed upon him by chapter 242 of the laws of 1930 (*Pamph. L.* 1930, *p.* 1065), to maintain "a proper light" in the public hallways of his three-story apartment house, situate in the city of Paterson.

Appellant asserts error in the denial of his motions for a nonsuit and for the direction of a verdict in his favor, predicated upon the following grounds, viz.: (1) There was no evidence of negligence on his part; (2) the respondent assumed the risk of injury, and (3) the respondent was guilty of negligence which proximately contributed to his injuries. Exceptions were duly taken to these rulings.

The complaint charged negligence at common law and under the statute, in failing to adequately light the premises. Such actions are governed by the common rules applicable to actions in tort for negligence. *Krebs* v. *Rubsam*, 91 *N. J. L.* 426; *Kargman* v. *Carlo*, 85 *Id.* 632; *Evers* v. *Davis*, 86 *Id.* 196.

Assuming, without deciding, that appellant breached a duty resting upon him to artificially light the premises in question, we are of opinion that the contributing negligence of the respondent conclusively appeared; and, such being the case, the motions at issue should have been granted. The question was one of law, so called, and not of fact.

On January 2d, 1932, at about eight p. m., respondent entered the premises in question to visit the occupants of an apartment on the third floor thereof. There was a light "in the public hallway near the stairs on each floor of the building." The trial judge made the following findings in respect of the mishap which befell respondent: "At about one o'clock of the following morning, January 3d, 1932, the plaintiff left the apartment wherein he was visiting. The hallway was pitch dark and the plaintiff had to grope in the dark to find his way to the stairs. He did not furnish or attempt to furnish a light by the use of a match or otherwise. As he

attempted to step from the landing on the third floor, he fell down the stairs to a landing one-half way between the second and third floors. The plaintiff testified that he could not see the steps because of the darkness."

Respondent, in these circumstances, was plainly guilty of culpable negligence. The obligation rested upon him to exercise reasonable care for his own safety. The inquiry is whether fair-minded men might honestly differ as to whether his conduct was such as one exercising ordinary care and prudence would have pursued under the circumstances. *Pesin* v. *Jugovich,* 85 *N. J. L.* 256. And it must, perforce, be answered in the negative. His conduct was not the subject of conflicting evidence; nor does the evidence reasonably permit of divergent inferences respecting it. The hallway was "pitch dark;" and plaintiff was unable to distinguish the steps of the stairway, notwithstanding which he attempted a descent. Nothing more appeared. He made no endeavor to provide artificial light, and it does not appear that he was without the means to do so. He did not invoke the aid of his host, nor is it apparent that such a call for assistance would have been in vain. And it was not suggested that he was familiar with the stairway. Respondent asserts, in this behalf, that certain facts and circumstances established by the evidence were "inadvertently" omitted from the state of the case, but it is manifest that we are confined to the case settled by the trial judge.

Artificial lighting is required by the statute to obviate the danger that would otherwise exist. The failure to regard the statute in this respect is, as to injury proximately resulting therefrom to those to whom a duty is owing, denominated negligence. By the same token, respondent's attempted descent of the stairway, in the face of the obvious danger resulting from defendant's failure to perform his statutory duty, standing alone, unexplained and unexcused, gives rise to the certain inference of negligent conduct; and, in the absence of circumstances to sustain an inference of reasonable care, the question is, on well-settled principles, one of law for the court.

One who exposes himself to a known danger is not, *ex necessitate,* guilty of negligence. The test is whether an

ordinarily prudent person would, under the same or similar circumstances, have incurred the risk which such conduct involved; and where reasonably careful men might differ in the appraisement of the conduct, in the light of this principle, the question is one for the trier of the facts. The apposite principle was applied in the following cases: *Dwyer* v. *New York, Lake Erie and Western Railway Co.,* 47 *N. J. L.* 9; *The New Jersey Railroad Co.* ads. *Palmer,* 33 *Id.* 90; *Dempsey* v. *White Plains Hotel Corp.,* 110 *Id.* 157; *Parson* v. *Dughi,* 12 *N. J. Mis. R.* 34; *Gordon* v. *Cummings,* 152 *Mass.* 513; 25 *N. E. Rep.* 978; *Marwedel* v. *Cook,* 154 *Mass.* 235; 28 *N. E. Rep.* 140. If the evidence will sustain the inference that the person confronted with the danger exercised care commensurate with the risk—such as was reasonably calculated to avoid it—it is for the trier of the facts to determine whether such inference ought to be drawn. So tested, there was error in the denial of the motions referred to. The evidence did not fairly admit of an inference of reasonable care by respondent. On the contrary, it indisputably appears that he, by the exercise of ordinary care, could have avoided the consequences to himself of appellant's negligence found by the trial judge. See *Gleason* v. *Boehm,* 58 *N. J. L.* 475; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276; *Eggert* v. *Mutual Grocery Co.,* 111 *Id.* 502.

Judgment reversed, and a *venire de novo* awarded.