Plaintiff appeals from a judgment of the Law Division of the Superior Court, County of Bergen, dismissing plaintiff's cause of action on defendant's motion *Page 167 
that he had failed to establish a prima facie case of negligence against defendant.
Plaintiff asserts that the trial court erred in "deciding at the end of the plaintiff's case that there was no proof of any negligence on the part of the defendant through its agent which was the proximate cause of the injury to plaintiff." Defendant did not raise any issue as to its legal duty to make repairs.
The pertinent facts are: Plaintiff and his wife had occupied the apartment in question since 1942. During March, 1945, plaintiff notified the superintendent (Mr. Knapp) of defendant's apartment house, that the kitchen hot water faucet had become "wobbly" and leaked. Following several similar complaints to Knapp during a period of five or six weeks, Knapp repaired the faucet by putting a new washer therein. Immediately after the repairs had been made, plaintiff called Knapp's attention to the fact that the faucet still leaked and the handle was "hard to turn." Knapp replied that he had used a new type of washer and "thought it would seat itself." In the ensuing three or four weeks, plaintiff and his wife on several occasions complained to Knapp that the faucet still leaked and was hard to turn. Plaintiff testified that on June 5, 1945:
"And the water faucet was leaking. I knew that my wife had been the last one to use it, and it being that it was hard, she couldn't turn it off, and I stepped over to fix it, and that would be to shut it off; and as I reached over to push it, the same as I had to each time since it had been fixed, why it snapped, and the jagged edge went into my palm."
Plaintiff contends that his proofs established a prima facie
case of negligence against the defendant, in that the repairs to the faucet were made improperly and negligently, thereby causing the tightening of the handle and his resulting injury. Defendant's motion for involuntary dismissal was made under authority of R. 3:41-2, which provides that "nonsuits are superseded." However, the decisions of our courts with respect to nonsuits under the former practice are *Page 168 
applicable here in determining whether the court erred in granting defendant's motion.
The burden of proof was upon the plaintiff to establish that his injury was proximately caused by the negligence of the defendant. If the plaintiff did not succeed in doing so, a dismissal was proper. The function of the court is to determine whether a jury question is presented by the evidence. Meyer v.Lembeck Betz Eagle Brewing Co., 93 N.J.L. 7 (Sup. Ct.
1919); Smith v. Public Service Corp., 78 N.J.L. 478 (E. A. 1910); Kelson v. Public Service Railroad Co., 94 N.J.L. 527
(E. A. 1920). The proximate cause connotes not nearness of time or distance, but closeness of causal connection.
In Hammill v. Pennsylvania R. Co., 56 N.J.L. 370 (Sup.Ct. 1894), it was pointed out that the court looks for the primal negligence and then follows it to its natural consequences and ascertains whether any independent efficient cause intervened to produce the injury. The proofs here are undisputed and present this picture: Defendant's employee repaired the faucet by inserting a new washer, following which the faucet still leaked and the handle was hard to turn, requiring more than normal pressure to turn it off. The pressure applied from time to time by plaintiff finally resulted in breaking off the handle and causing plaintiff's injury.
We are convinced that plaintiff's proofs show that the hazard of injury arising from the circumstances here was well known to plaintiff and he was chargeable with the foreseeable consequences, as required of a reasonably prudent person. Whether we characterize the plaintiff's conduct as an assumption of risk or contributory negligence, the fact remains that, notwithstanding his knowledge of the force required to turn off the faucet and the reasonable danger that might naturally ensue therefrom, he continued in that course of conduct. That course of conduct may be properly classified as contributory negligence. "It has frequently been stated, and with good reason, that assumption of risk and contributory negligence are so closely allied that it is sometimes difficult to draw the true line of distinction. Expressions *Page 169 
are found to the effect that in a broad sense assumption of risk shades into contributory negligence, the difference being one of degree rather than kind." 39 C.J., § 883, p. 684. We think the conduct of the plaintiff is brought within the confines of the language of Mr. Justice Holmes in the case of Schlemmer v.Buffalo, R. P.R. Co., 205 U.S. 1, 27 S.Ct. 407, 409,57 L.Ed. 681, wherein he stated:
"Assumption of risk in this broad sense obviously shades into negligence as commonly understood. Negligence consists in conduct which common experience or the special knowledge of the actor shows to be so likely to produce the result complained of, under the circumstances known to the actor, that he is held answerable for that result, although it was not certain, intended or foreseen. He is held to assume the risk upon the same ground."Cf. Morril v. Morril, 104 N.J.L. 557 (E. A. 1928.)
We are convinced that the trial court's dismissal of plaintiff's cause of action was not erroneous.
The judgment is affirmed, with costs.