The plaintiff, a woman about 73 years old, while walking along the cement sidewalk in front of the defendants' premises on Avon Avenue in Newark, tripped on a broken place or stepped into a hole in the walk and fell, receiving injuries on account of which she brought this suit. At the conclusion of the plaintiff's case, the trial judge ordered that her action be dismissed because of her own negligence and her assumption of the risk. From the judgment which was thereupon entered, she appeals.
The defendants' premises were used as a garage and automobile service station. In the course of the years, the sidewalk had been broken in a good many places by motor vehicles, driven over it to and from the defendant's place of business. There were depressions or holes in the cement, some of them three or four inches deep. One of the witnesses who used to ride a bicycle in the neighborhood, said he did not ride on the sidewalk here because he was afraid the wheel would get caught. Plaintiff testified, "I went shopping. The sidewalk was broke, and I see the sidewalk is broke, and I step, and my leg — my foot — it turned and I fall down." "You were going to the store when you fell? You saw the sidewalk was broken? Yes. And your foot went in the hole and you fell? Yes. But you saw that it was broken and you fell? Yes, but I couldn't help it." It was on this evidence that the learned judge dismissed the action. We are satisfied that he erred in so doing and that the plaintiff made out a case that should have been left to the jury.
Counsel, referring to McFarlane v. Niagara Falls, 247 N.Y. 340, 160 N.E. 391, 57 A.L.R. 1, have debated whether *Page 90 
the condition of the sidewalk in the case at bar constituted a nuisance absolute or a nuisance having its origin in negligence, and whether negligence of the plaintiff constitutes a defense or whether the only defense of this general character available is assumption of risk. We find it unnecessary to consider these questions.
The plaintiff, as a member of the public, had a right to use the sidewalk, which was a part of the highway set aside for pedestrians. This right is one of tremendous social importance. If the condition of the sidewalk made it impossible for plaintiff to exercise her right of walking along it without exposing herself to some risk of bodily harm, still the mere use of the sidewalk did not ipso facto constitute negligence, unless the risk was so great that it was unreasonable for plaintiff to insist upon her right. Was it a risk that an ordinarily prudent person would not have taken? New Jersey Express Co. v. Nichols,33 N.J.L. 434 (E. A. 1867); Apgar v. Hoffman Const. Co.,124 N.J.L. 86 (E. A. 1939). Restatement — Torts, § 291 and 473. Mosheuvel v. District of Columbia, 191 U.S. 247,24 S.Ct. 57, 48 L.Ed. 170 (1903). The plaintiff was aware that the sidewalk was broken just as would anyone who approached it in the daytime. How dangerous it looked, or how dangerous it actually was, does not appear directly from the evidence but can only be inferred from the scanty facts. It was a jury question whether, in view of all the circumstances, it was unreasonably hazardous for plaintiff to attempt to traverse the sidewalk.
Assuming that the plaintiff might properly use the sidewalk despite its condition, more care was required than if the sidewalk were smooth and unbroken. She must exercise whatever care was suitable for passing over a sidewalk that had the appearance that this one had. Negligence is not presumed. That the plaintiff stumbled and fell is not conclusive proof that she was careless. Reilly v. B.S. Janney, Jr., Co., 103 N.J.L. 11
(Sup. Ct. 1926). The whole question of contributory negligence should have been left to the jury.
The doctrine of assumption of risk is so closely allied *Page 91 
to contributory negligence, that it is often difficult to draw the dividing line. Turck v. Kaywal Realty Co., 3 N.J. Super. 165
(App. Div. 1949). In a case like the one before us, there is no practical difference between them. If we say that assumption of risk implies knowledge of the danger, we add that the plaintiff is chargeable with knowledge of what the average person would observe, and it is the same knowledge that determines the degree of care he is bound to use. In one approach, we speak of a plaintiff's lack of care; in the other, we consider that he voluntarily proceeded in that careless manner. Carton v. Public Service Electric Gas Co.,117 N.J.L. 520 (E. A. 1937).
Reversed in order that there may be a new trial.