7 N.J. Super. 60 (1950)
71 A.2d 897
LOIS WEBB AND JAMES WEBB, PLAINTIFFS-APPELLANTS,
v.
JULIA BETTA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1950.
Decided March 15, 1950.
*61 Before Judges JACOBS, EASTWOOD and JAYNE.
Mr. Horace S. Belfatto argued the cause for the appellants.
Mr. Joseph V. Melillo argued the cause for the respondent (Mr. Jack J. Soriano, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment of dismissal entered in the Essex County Court at the close of the plaintiffs' case.
On March 8, 1949, the plaintiff Lois Webb resided on the second floor of a three-story tenement house owned by the defendant Julia Betta. At about 8:00 P.M. she received a call from the first floor to answer the telephone. There were no lights burning on the first or second floor landings and the hallway was dark. The kitchen door was open and the light therefrom extended about "three or four steps down" the long stairway. She started walking down the steps, held on to the bannister, and when she was about half way down she "made a misstep and fell." It is fairly inferable from all of her testimony that the hallway at the point of the misstep was in darkness and at that time she was not looking at any steps but was relying mainly on her familiarity with the stairway and her hold on the bannister. As a result of her fall she suffered injuries for which she and her husband James Webb seek damages. When the testimony on behalf of plaintiffs was completed the defendant moved for dismissal on the ground that the plaintiffs had not established that the failure to light the hallways constituted negligent conduct which was the proximate cause of the injury. The lower Court expressed the view that there was sufficient evidence of negligence but granted the motion on the ground that the plaintiffs had failed to establish "any proximate causal relation *62 between the absence of the light and the fall." After the entry of the judgment below the defendant Julia Betta died and her executor, John Traino, has been substituted as party defendant. See Rule 3:25.
It is not disputed that the defendant's failure to maintain lights in the stair halls was in violation of statute (R.S. 55:5-15) and constituted evidence of negligence. See Hellmuth v. Kruger, 102 N.J.L. 245, 248 (Sup. Ct. 1926); Demeter v. Rosenberg, 114 N.J.L. 55, 59 (Sup. Ct. 1934). Nor is it disputed that, for purposes of the defendant's motion, the plaintiffs were entitled to the benefit of the testimony and the reasonable inferences which might be drawn therefrom in their favor. Philpot v. Rhinesmith, 6 N.J. Super. 324 (App. Div. 1950). We believe that it may fairly be inferred from the circumstances that the defendant's conduct in failing to provide light constituted negligence which proximately caused the fall and injury. She was descending in darkness, holding on to the bannister and she misstepped. It seems to us that, from the foregoing, the jury was entitled to draw "legitimate, probable inferences" that she misstepped because she could not see the next step on account of the darkness. See Demeter v. Rosenberg, supra. It was suggested below that she "might have twisted her ankle or her hand might have slipped off the rail or she might have gotten dizzy." The record is devoid of any testimony indicating such happenings and we do not consider that the plaintiffs were under any burden to negate the many possible events which were not suggested by the testimony and the ordinary inferences therefrom.
The judgment is reversed and a new trial ordered.