15 N.J. Super. 368 (1951)
83 A.2d 466
CLARA HOWE, PLAINTIFF-APPELLANT,
v.
FRANK GAMBUZZA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 27, 1951.
Decided September 25, 1951.
*369 Before Judges WM. A. SMITH, FREUND and WOODS.
*370 Mr. Lester Miller argued the cause for the plaintiff-appellant (Mr. Anthony J. DeFiore, attorney).
Mr. Alex R. DeSevo argued the cause for the defendant-respondent.
The opinion of the court was delivered by WILLIAM A. SMITH, A.J.S.C.
The plaintiff, a middle-aged woman who resided on the first floor of a three-story, six-family dwelling house in Union City, brings this action against the defendant owner of the premises. She had occupied the first floor apartment in the premises for about 11 years, when on December 3, 1949, shortly before 10 P.M., she went upstairs with a friend to make a social visit to Agnes DiCorcia, who occupied an apartment on the second floor and was the superintendent in charge of the premises for the landlord. At the time she ascended the stairs for her visit lights were on in the downstairs hall and in the second floor hall. Shortly after 10 P.M. Mrs. DiCorcia went downstairs to the first floor and put out the light in the first floor hall by a switch there. Plaintiff left with her friend to return to her first floor apartment about 11:45 P.M. and at that time the light was still burning in the second floor hall, but the light in the first floor hall was out. Plaintiff preceded her friend, went to the head of the stairs to the first floor and grasped the banister with her right hand and proceeded to descend the stairs. She says she fell from the eighth step where her foot caught in something and she heard it tear and then fell and injured herself.
This suit charges negligence on the part of the defendant landlord, the proof being directed to the failure to light the first floor hall as required by the statute and failure to keep the stairs in proper repair. At the end of the plaintiff's case the defendant's attorney moved for dismissal of the cause of action on the ground of no proof of negligence and that the plaintiff was guilty of contributory negligence and assumption of risk. The court granted the motion to dismiss on the *371 ground that the plaintiff assumed the risk of her fall in using the stairway under the conditions existing, and stated:
"After a careful consideration of the arguments made, of the proofs adduced and of the cases cited, which I have examined, I believe the court to be bound on this motion by the decision in Solomon versus Finer. I believe that each and every of the defendant's cases is distinguishable. I believe that cases involving a common roof, common stoop, common cellar, and common toilet are to be embraced within a different category than that which is presented by the situation before the court. * * *
Apparently the subject of darkness and common stairway presents a category of its own. I believe that by way of fair comment on that it can be said what was said in the case of Solomon versus Finer: that there the plaintiff has recourse to safety. He can seek guidance or he can refuse to descend or he can see that light is provided. In the present instance it seemed a perfectly simple thing for this plaintiff, in this situation, to guard herself against whatever the dangers were and the presence of which she thoroughly understood. She could have had the superintendent provide light for the occasion of her descent. All of which was not done but which appears to the incumbent upon the plaintiff in a case of this kind, according to the reasoning and the decision of the court in Solomon versus Finer.
For the reasons indicated, I feel obliged to grant the motion to dismiss.
Mr. Miller: May I ask what your Honor's ruling is as far as the step is concerned, as to assumption of risk? There are two separate aspects. One is the lighting and the other is the dangerous step which the plaintiff knew nothing about.
The Court: I intend to hold that the assumption of risk goes to the entire factual situation presented."
It is from this ruling by the trial judge that the plaintiff appeals.
On the appeal the defendant also pressed his right to a dismissal because the plaintiff had not established a prima facie case of negligence. The record, we conclude, contains ample testimony to raise questions for the jury on the charge of negligence. As to the question of failure to maintain a light on the first floor from sunset to sunrise as provided by the statute, the superintendent, Mrs. DiCorcia, testified that she had been directed by the defendant to put out the lights around 10 o'clock and that was why she did it, although *372 there were complaints about the lights being put out. As to the condition of the stairs, there was evidence that the linoleum covering on the stair was worn and ripped and also that the nosings and strippings were off in some cases, that complaints as to these conditions had been made to the superintendent and in turn conveyed to the landlord, that the landlord had inspected the premises frequently, that the superintendent had often discussed with him the question of repairs, and that he had made some repairs but had not remedied the condition existing at the place where the plaintiff claims she fell. The superintendent also testified that on the day in question she knew the linoleum was ripped and worn and that nosings and strippings were missing.
It is quite evident from the ruling of the trial judge on the question of the assumption of risk that he considered that he was unable to reconcile the decisions of Solomon v. Finer, 115 N.J.L. 404 (Sup. Ct. 1935), and Webb v. Betta, 7 N.J. Super. 60 (App. Div. 1950), as he states (according to the record) that he does not know how anyone can reconcile the decision by the judge in one case with the decision by the judge in the other. The inability to reconcile the two cases does not depend upon a statement of the law applicable. It is my conclusion that the opinion in the case of Solomon v. Finer, supra, properly states the principles applicable to the defense of contributory negligence.
In the case of Webb v. Betta, supra, the court was dealing with the question of whether there was sufficient evidence to go to the jury on the question of whether or not the fall which the plaintiff sustained was due to the darkness, the landlord's failure to light being the charge of negligence. The court, in stating the principle of law involved, merely said, "It seems to us that, from the foregoing, the jury was entitled to draw `legitimate, probable inferences' that she misstepped because she could not see the next step on account of the darkness." The court was applying these remarks to whether or not the negligence charged was the proximate cause of the plaintiff's fall and its holding was that the jury might so infer. The *373 court did not discuss the question of contributory negligence or assumption of risk.
In the opinion in Solomon v. Finer, supra, the court, while holding the plaintiff guilty of contributory negligence, still properly stated the principles of law involved, when applied to contributory negligence, and it is my conclusion in applying these principles to the case before this court that it is a question for the jury whether the plaintiff assumed the risk of descending the stairs under the conditions of the darkness and disrepair of the stairs.
The trial judge in the instant case, in making his determination, based the dismissal on the ground of assumption of risk. The question of distinguishing between assumption of risk and contributory negligence was not raised, and in passing on the question here we can follow what Judge Bigelow said in the case of Halpern v. Barbara Holding Corporation, 5 N.J. Super. 87 (App. Div. 1949), at pp. 90, 91, where he said, "The doctrine of assumption of risk is so closely allied to contributory negligence that it is often difficult to draw the dividing line. Turck v. Kaywal Realty Co., 3 N.J. Super. 165 (App. Div. 1949)." In a case like the one before us here there is no practical difference between them.
In the case of Solomon v. Finer, supra, at p. 406, the court, speaking of contributory negligence, says, "The obligation rested upon him to exercise reasonable care for his own safety. The inquiry is whether fair-minded men might honestly differ as to whether his conduct was such as one exercising ordinary care and prudence would have pursued under the circumstances. Pesin v. Jugovich, 85 N.J.L. 256," and further states at pp. 406, 407, "One who exposes himself to a known danger, is not, ex necessitate, guilty of negligence. The test is whether an ordinarily prudent person would, under the same or similar circumstances, have incurred the risk which such conduct involved; and where reasonably careful men might differ in the appraisement of the conduct, in the light of this principle, the question is one for the trier of the facts." And further on, at p. 407: *374 "If the evidence will sustain the inference that the person confronted with the danger exercised care commensurate with the risk  such as was reasonably calculated to avoid it  it is for the trier of the facts to determine whether such inference ought to be drawn." With these views I concur. I might add that the inquiry is whether fair-minded men might honestly differ as to whether the plaintiff's conduct was such as one exercising ordinary care and prudence would have pursued under the circumstances. See also Bacak v. Hogya, 4 N.J. 417 (1950).
The court in the Solomon case, supra, in passing on the question of contributory negligence on the finding of fact by the trial judge, said, "Assuming, without deciding, that appellant breached a duty resting upon him to artificially light the premises in question, we are of opinion that the contributing negligence of the respondent conclusively appeared; and, such being the case, the motions at issue should have been granted. The question was one of law, so called, and not of fact."
I hold that the Solomon case, supra, is distinguishable from the instant case by reason of the difference in the facts involved and the inferences which a jury might come to therefrom. The jury in the instant case, if the case had been submitted to them, may well have determined or inferred the following: That the plaintiff was familiar with and had been used to going between the second and first floor without lights on the first floor, as she was a friend and visitor of Mrs. DiCorcia on the second floor; that there was sufficient light from the second story hall light to see to get to the stairs and take firm hold on the banister; that the stairs were straight down; that persons when descending stairs even in the daylight do not depend upon the light to make a step; that persons familiar with premises in which they live rely on other than their vision to get around; that plaintiff knew when she arrived at the bottom of the stairs she could turn on the light; that while she knew the treads were worn and out of repair she did not know of the tear on the eighth *375 tread, she having testified to that; and that the fall was not due to lack of light but was caused by her foot catching in the tear. With these considerations in mind the case of Solomon v. Finer, supra, is surely distinguishable. In that case the plaintiff was a visitor to a third-floor apartment, and when he entered at about 8 P.M. the lights were on in each hall. He was not familiar with the stairway. The trial judge made findings of fact as follows:
"At about one o'clock of the following morning, January 3, 1932, the plaintiff left the apartment wherein he was visiting. The hallway was pitch dark and the plaintiff had to grope in the dark to find his way to the stairs. He did not furnish or attempt to furnish a light by the use of a match or otherwise. As he attempted to step from the landing on the third floor, he fell down the stairs to a landing one-half way between the second and third floors. The plaintiff testified that he could not see the steps because of the darkness."
There are other cases in the courts of this State which have passed upon the question of contributory negligence and assumption of risk, where the plaintiff has fallen in the darkness and has been held to be chargeable under the existing facts, but these cases are all distinguishable from the instant case. In Saunders v. Smith Realty Co., 84 N.J.L. 276 (E. & A. 1913), the fall occurred in a passageway in a cellar. The plaintiff had some familiarity, having used the cellar on several occasions during the daylight hours. At the time of the fall the passageway was so dark the plaintiff could see nothing and had groped his way, depending for guidance on keeping his hand on the cellar wall. He stumbled on a step in the passageway and fell. In Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325 (E. & A. 1939), there was no claim of familiarity. The plaintiff left a locker room and found the stairway in the darkness, saw the first step, missed the second step and fell. This was purely a fall due solely to the darkness. In McNamara v. Mechanics Trust Co., 106 N.J.L. 532 (E. & A. 1930), the plaintiff entered by one stairway and ascended to the second floor where her *376 apartment was. She went to the door of her apartment which was near the landing of another stairway, was near the door where she intended to enter, and while reaching for the key to her door which was kept somewhere near the rear stairway, stepped beyond the landing of the rear stairway and fell down the stairs. This is clearly distinguishable in that the fall was purely due to the darkness. Micca v. Parentini, 8 N.J. Misc. 332 (Sup. Ct. 1930), was again a case where the fall was due solely to the lack of light.
There are numerous cases where the plaintiff has fallen in the darkness, where plaintiff's right to go to the jury has been recognized. Pesin v. Jugovich, 85 N.J.L. 256 (E. & A. 1913); Kargman v. Carlo, 85 N.J.L. 632 (E. & A. 1914); Rhodes v. Fuller Land and Improvement Co., 92 N.J.L. 569 (E. & A. 1918); Kramer v. Lehrhoff, 99 N.J.L. 47 (Sup. Ct. 1923); Hellmuth v. Kruger, 102 N.J.L. 245 (Sup. Ct. 1926); Demeter v. Rosenberg, 114 N.J.L. 55 (Sup. Ct. 1934). The court in the last-cited case, where the fall was due to the lack of light, said, "The jury, therefore, on receiving the case, was entitled to infer that the injured woman, a tenant, was familiar with the hall and staircase even in its darkened condition and that her fall and consequent injuries were caused by the neglect of the defendant in failing to provide lights as required by law." See also Van Blunk v. Charles Real Estate Co., 10 N.J. Misc. 1137 (Sup. Ct. 1932).
The judgment below will be reversed and a new trial is directed.